IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 08-742-12 |
| LEONARD EBERHARDT | : | |

### ORDER

AND NOW, this 1st day of February, 2017, upon consideration of "Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. 3582(c)" (Doc. No. 639) and the "Government's Response to the Defendant's Pro Se Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" (Doc. No. 652), I find as follows:

1. On July 14, 2009, Defendant Leonard Eberhardt pleaded guilty to one count of conspiracy to distribute 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 846 and one count of distribution of 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 846(a)(1). The applicable statutory mandatory minimum was 20 years or 240 months. See 21 §§ U.S.C. 846, 841(a)(1) and (b)(1)(A).[1]

2. Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(c) (hereafter "(C) Plea"), the parties agreed that the appropriate term of imprisonment was 240 months. On December 7, 2009, I imposed the agreed-upon sentence of 240 months.

---

[1] This mandatory minimum sentence applied because Eberhardt had a prior felony drug conviction and was responsible for over 50 grams of crack. In fact, Eberhardt had more than one prior felony drug conviction but the Government filed an "Amended Information Charging Prior Offenses," which referenced only one of his previous drug convictions. (Doc. No. 393.) Probation noted that, had the Government not amended the information in this respect, Defendant would have faced a mandatory life sentence. (PSR ¶ 124.)

1

3. Presently before me is Eberhardt's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Therein, he argues that is he entitled to relief based on Amendment 782 to the United States Sentencing Guidelines, which reduced the offense levels corresponding to most drug quantities under U.S.S.G. § 2D1.1(c) by two levels.

4. For the reasons that follow, I conclude that Eberhardt is ineligible for a sentence reduction, as his sentence was not "based" on the Sentencing Guidelines.

5. "A district court only has the authority to consider whether a defendant should receive a reduction in his sentence under § 3582(c)(2) when the defendant has been: (1) sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission; and when such a reduction is (2) consistent with the applicable policy statements issued by the Sentencing Commission." United States v. Weatherspoon, 696 F.3d 416, 422 (3d Cir. 2012). "[T]o be eligible for relief under 18 U.S.C. § 3582(c)(2), a defendant who agrees to a specific term of imprisonment in a (C) plea agreement must show that his agreement both identifies a Guidelines range and demonstrates a sufficient link between that range and the recommended sentence." Id. at 423. "Failure to meet either requirement is fatal to a defendant's § 3582(c)(2) motion." Id. This determination "turns solely on an examination of the four corners of the plea agreement." Id. at 422.

6. As such, in order to be eligible for a reduction based on Amendment 782, Eberhardt must show that the plea agreement both identifies a Guidelines range and demonstrates a sufficient link between that range and the recommended sentence. Eberhardt's (C) Plea agreement states that the "agreed joint recommendation sentence is as follows: 20 years incarceration." (Doc. No. 328 at ¶ 7.) The (C) Plea agreement does not identify the

applicable Guidelines range, an offense level under § 2D1.1(c) or any other provision or Eberhardt's anticipated criminal history category. The only ranges discussed in the agreement are the statutory maximum and mandatory minimum for each offense.

7. The (C) Plea does reference the provisions of the Guidelines governing acceptance of responsibility. However, in an unpublished case, the United States Court of Appeals for the Third Circuit stated that references in a plea agreement to "the provisions that provide downward adjustments based on [a defendant's] acceptance of responsibility and assistance to authorities" are "insufficient to conclude that the sentence was based on" the Guidelines. United States v. Baker, 644 F. Appx. 146, 148 (3d Cir. 2016).

8. For these reasons, I conclude that Eberhardt's sentence was not based on the Guidelines range and, therefore, Eberhardt is ineligible for a sentence reduction pursuant to Amendment 782.

**WHEREFORE**, it is hereby **ORDERED** that "Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. 3582(c)" (Doc. No. 639) is **DENIED**.

**BY THE COURT:**

_____
**Mitchell S. Goldberg, J.**